*760 OPINION.
Lansdon:
The first question to be determined here is whether the petitioner was entitled to deduct the amount of $1,600 from his gross income for 1919 as a loss sustained during the taxable year. This is the alleged salary which the petitioner asserts that he earned, received credit for, and paid taxes on in 1918, but never received at any time. The petitioner relinquished his right to receive such salary in 1919, but it is in evidence that he received compensation therefor by having his share of the debts of the partnership paid, and there is no evidence that he sustained any loss in connection with this item.
The petitioner’s claim for a deduction from gross income for the year 1919, in the amount of $19,994.05, is based on the assertion that this was a payment made for the purpose of securing additional capital and, as such, was an ordinary and necessary operating expense. Such additional capital was obtained from banks on the joint note of Frymier and Van Landingham pursuant to an agreement which provided that Van Landingham should receive 50 per cent of the profits of the Golden State Tuna Packing Go. as compensation for guaranteeing such notes. This may have been the actual purport of the contract, but to us it has all the appearance of a partnership agreement. It is not necessary, however, to discuss the significance of the agreement. If the alleged expenses were incurred at all they apply to the years 1916, 1917, and 1918, only, since the Golden State Tuna Packing Co. was sold by the petitioner in 1919, and as his property engaged in no operation during that year. The law specifically provides for the deduction of ordinary and necessary expenses from gross income for the year in which such expenses are paid or incurred. The evidence convinces us that the Golden State Tuna Packing Co. kept its books on the accrual basis. It follows, therefore, that ordinary and necessary expenses should have been deducted from gross income for the year such charges accrued. There are no provisions of law under which we may authorize the deduction of expenses accrued in 1916, 1917, and 1918, from gross income of 1919.

Judgment will be entered for the Commissioner.